**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

|  |  |
|---|---|
| In re:<br><br>　　JOSHUA S. HUGGARD,<br>　　　　　　　　　　Debtor<br><br>ZVI CONSTRUCTION CO., LLC,<br>　　　　　　　　　　Plaintiff,<br>v.<br><br>JOSHUA S. HUGGARD,<br>　　　　　　　　　　Defendant | Chapter 7<br>Case No. 13-14584<br><br><br>Adversary Proceeding<br>No. 13-1411 |

**MEMORANDUM OF DECISION**

Before the Court in this dischargeability action is the plaintiff's request to file an amended complaint containing additional factual allegations and new legal theories of relief. Because the deadline for filing objections to the dischargeability of particular debts passed before the proposed amended complaint was filed, the Court must determine whether the amended complaint "relates back" to the date of the original filing and, even if so, whether it would be appropriate to grant leave to amend under the circumstances of this case.

1

I.    FACTS AND POSITIONS OF THE PARTIES[1]

The debtor in this Chapter 7 bankruptcy case,[2] Joshua S. Huggard (the "Debtor"), was formerly one of the principal owners of the now defunct Upper Crust chain of pizza restaurants. Before the commencement of this case and while the Upper Crust was undergoing a company-wide expansion, the Debtor and the two other Upper Crust principals (Jordan Tobins and Brendan F. Higgins, Jr.; collectively with the Debtor, the "principals") hired ZVI Construction Company, LLC ("ZVI") to perform renovation and other construction work for the Upper Crust. ZVI was not fully compensated for that work, however, and in April 2012 filed suit in state court against the Upper Crust and its principals to collect payment.

That original contract suit was settled through mediation, with the parties agreeing that the Upper Crust would make an initial $250,000 payment to ZVI, followed by 36 monthly payments of $11,000 each (the "Settlement Agreement"). The $250,000 payment was to come from Tobins, in settlement of yet another dispute between Tobins and the Upper Crust, the Debtor, and Higgins. According to ZVI, Tobins was obligated under the Settlement Agreement to pay the $250,000 (the "Settlement Funds") to Attorney Franklin Levy (the attorney representing the Upper Crust, the Debtor, and Higgins). Attorney Levy was to hold the Settlement Funds in escrow and ultimately turn them over to ZVI. And ZVI maintains that it would not have executed the Settlement Agreement absent representations made by the Debtor and Higgins that the $250,000

---

[1] The following recitation of facts is taken from both the original and amended complaints; all factual allegations are assumed as true solely for the purpose of resolving the discrete matter now before the Court.

[2] See 11 U.S.C. § 101 et seq. (the "Bankruptcy Code" or the "Code"). All references to statutory sections are to the Bankruptcy Code unless otherwise specified.

2

would be paid to ZVI.

On September 28, 2012, Tobins wired the sum of $250,000 to Attorney Levy's law firm (the "Firm"). But those funds were never turned over to ZVI. Instead, the funds were disbursed by the Firm to several different parties, including the Firm itself, the Debtor, the Debtor's father, Higgins, the Upper Crust CEO, and bankruptcy counsel for the Upper Crust.[3] The disbursement of the $250,000 in a fashion other than that expected by ZVI precipitated a lawsuit brought by ZVI in early 2013 against the Debtor, Higgins, Attorney Levy, and the Firm. That suit, through which ZVI sought damages as a result of the defendants' allegedly unlawful diversion of the Settlement Funds, was stayed as to the Debtor when he filed his Chapter 7 petition on July 31, 2013.

On October 28, 2013, the deadline for filing a complaint objecting to the Debtor's discharge or the dischargeability of a particular debt, ZVI timely initiated the present adversary proceeding by filing a complaint (the "Original Complaint") objecting to the dischargeability of ZVI's claim against the Debtor. The Original Complaint set forth the facts summarized above – facts which ZVI alleged rendered its claim nondischargeable pursuant to § 523(a)(2) of the Bankruptcy Code on account of the Debtor's "willful misrepresentations and participation in the scheme to convert funds due ZVI."[4] Original

---

[3] The Upper Crust filed its bankruptcy petition less than a week later.

[4] Section 523(a)(2), in relevant part, excepts from discharge a debt:

>for money, property, services, . . . to the extent obtained, by –
>
>(A)   false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

11 U.S.C. § 523(a)(2).

3

Complaint 7 ¶ 31, ECF No. 1.[5]

On January 8, 2014, ZVI filed a motion requesting leave to amend the Original Complaint, although leave of Court was not then required since the motion was filed within 21 days of the Debtor's answer to the Original Complaint.[6] See Fed. R. Civ. P. (the "Federal Rules") 15(a)(1)(B) (made applicable by Fed. R. Bankr. P. (the "Bankruptcy Rules") 7015). But ZVI withdrew its initial request to amend after the Debtor filed a motion to strike that pleading on grounds that ZVI had not numbered the paragraphs of the motion, as required by Federal Rule 10 (made applicable by Bankruptcy Rule 7010) and Massachusetts Local Bankruptcy Rule 9013-1. Shortly thereafter, on January 14, 2014, ZVI renewed its request to amend by filing the "Consolidated Motion for Leave to Amend Complaints Objecting to Discharge of Debt" (the "Motion to Amend") at issue here.[7]

Many of the changes in the proposed amended complaint (the "Amended Complaint") are largely stylistic. Other more substantive additions, however, have drawn the Debtor's objection (the "Objection"). First, the Amended Complaint contains additional factual allegations. Specifically, the Amended Complaint refers to an affidavit of Attorney Levy and emails sent by Attorney Levy to various persons that were neither

---

[5] Although the opening paragraph of the Original Complaint and the last paragraph of the "Claim for Relief" refer to § 523(a)(2), the parenthetical description appearing under the heading "Claim for Relief" refers to subsection (a)(6).

[6] The Debtor did not file an answer to the Original Complaint until December 19, 2013, with the benefit of ZVI's assent to extend the time for filing.

[7] The Motion to Amend was "consolidated" inasmuch as it was also filed in the analogous adversary proceeding brought against Higgins in *his* personal bankruptcy case. That adversary proceeding, however, has since been settled.

4

referenced in, nor attached to, the Original Complaint.[8]  Second, the Amended Complaint expands the statutory bases for ZVI's allegation that its claim is nondischargeable, adding to its § 523(a)(2) fraud claim additional claims of nondischargeability on account of embezzlement pursuant to subsection (a)(4)[9] and willful and malicious injury pursuant to subsection (a)(6).[10,11]

Through his Objection, the Debtor argues that it is too late for ZVI to raise these additional claims for relief, as the deadline for filing objections to dischargeability under subsections (a)(4) and (a)(6) has long since passed.  ZVI, in turn, maintains that the alternative bases for relief requested in the Amended Complaint arise from the originally-plead factual allegations, and thus "relate back" to the timely-filed Original Complaint.

II.   DISCUSSION

In a case under Chapter 7 of the Bankruptcy Code, a creditor asserting the nondischargeability of a debt under §§ 523(a)(2), (4), or (6) must timely commence an adversary proceeding seeking a declaration of nondischargeability, or the creditor's

---

[8] ZVI neglected to attach any exhibits to its Amended Complaint.  However, the descriptions of the substance of those exhibits in the body of the Amended Complaint are sufficient to resolve the present dispute.

[9] Section 523(a)(4) excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."  11 U.S.C. § 523(a)(4).

[10] Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."  11 U.S.C. § 523(a)(6).

[11] The Amended Complaint further added an additional basis for nondischargeability under § 523(a)(2); namely, that the amounts owed under the Settlement Agreement were themselves on account of a claim for fraud.  At the hearing on the Motion to Amend, however, ZVI withdrew its request to add the additional § 523(a)(2) claim.  Feb. 26, 2014 Hr'g Tr. 7:18-20, ECF No. 29.

5

claim will be discharged. 11 U.S.C. § 523(c)(1); Fed. R. Bankr. P. 4007(c); 7001(6). The deadline for filing that complaint, set by Bankruptcy Rule 4007(c), is 60 days from the first date set for the meeting of creditors required by § 341, unless a motion to extend the time is filed *before* the deadline has expired (and the court grants an extension). Fed. R. Bankr. P. 4007(c). Here, the Original Complaint was timely filed, but the Amended Complaint was not.

However, while the Debtor is correct that the deadlines for objecting to a debtor's discharge or the dischargeability of a particular claim are "strictly and narrowly construed," Objection 11, Feb. 14, 2014, ECF No. 22, the Bankruptcy Rules which establish those deadlines "operate in conjunction with [Bankruptcy] Rule 7015," Flexi-Van Leasing, Inc. v. Perez (In re Perez), 173 B.R. 284, 290 (Bankr. E.D.N.Y. 1994); see also Saunders Real Estate Corp. v. Pearlman (In re Pearlman), 360 B.R. 19, 21 (Bankr. D.R.I. 2006), which incorporates Federal Rule 15.[12]

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 541 (2010). Accordingly, if the Amended Complaint "relates back" to the Original Complaint, it too will be deemed timely filed. Rule 15(c) provides that an amended pleading "relates back to the date of the original

---

[12] To the extent that cases cited herein rely on the version of Federal Rule 15 in effect prior to the 2007 or 2009 amendments of the rule, any differences in those versions of the Rule are immaterial. The First Circuit Court of Appeals has noted that the changes made in 2007 "were 'intended to be stylistic only.' Fed. R. Civil P. 15 advisory committee notes (2007 Amendment). The various sub-parts of the Rule were rearranged and renumbered but for present purposes the Rule's substance and operation are unchanged," Morel v. DaimlerChrysler AG, 565 F.3d 20, 26 n.3 (1st Cir. 2009), and the changes made by the amendments in 2009 likewise do not alter the outcome of this case.

pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).[13]

"So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664 (2005).  Here, the Amended Complaint is entirely grounded on the same set of core facts that form the basis of the Original Complaint.  In both iterations of the complaint, ZVI predicates its claim for nondischargeability on the Debtor's allegedly inducing ZVI to settle its contract claims by promising to turn over the funds received from Tobins while having had no intention to do so.  The additional facts and exhibits referenced in the Amended Complaint merely amplify the allegations contained in the Original, and do not attempt to ground the relief sought by ZVI in a different set of circumstances.  As such, relation back of the additional factual allegations is warranted. See, e.g., Am. Asset Fin., LLC v. Feldman (In re Feldman), 506 B.R. 222, 232 (Bankr. E.D. Pa. 2014); 3-15 Moore's Federal Practice – Civil § 15.19 (LEXIS 2014) ("Amendments that amplify or restate the original pleading or set forth facts with greater specificity should relate back.").

The same holds true with regard to the additional statutory bases for relief asserted in the Amended Complaint.  "Relation back depends on the existence of a 'common core of operative facts' uniting the original and newly asserted claims."  Mayle v. Felix, 545 U.S. at 659.  Thus, an amended pleading may relate back even when it asserts new theories of recovery so long as "a sufficient factual nexus exists between

---

[13] Subsections (A) and (C) of Federal Rule 15(c)(1) govern relation back of amended pleadings under circumstances not relevant here.

7

the original and amended complaints such that the original pleadings give fair notice of the factual situations from which the amended pleadings arise." New Century Bank, N.A. v. Carnell (In re Carnell), 424 B.R. 401, 413 (Bankr. N.D. Ill. 2010).[14] ZVI has not altered the core facts upon which it relied for its originally-asserted § 523(a)(2) claim. In fact, in advancing its § 523(a)(4) and (a)(6) claims in the Amended Complaint, ZVI relies on the *very same facts* raised in the Original Complaint. Accordingly, the Amended Complaint relates back to the Original Complaint such that it will be deemed timely filed and not barred by the deadline set forth in Bankruptcy Rule 4007(c).

While the Amended Complaint clearly relates back to the Original Complaint, the question of whether leave to amend should be granted is a separate issue. Under Rule 15(a), leave of Court is required to amend a pleading (unless the opposing party consents) when the amendment is sought beyond 21 days after the filing of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B); (2). "The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and has

> wide discretion to grant such leave. It is limited only by the Supreme Court's admonition that leave to amend should not be permitted where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182, 83 S.C. 227, 9 L.Ed.2d 222 (1962).

---

[14] See also, e.g., O'Loughlin v. Nat'l R.R. Passenger Corp., 928 F.2d 24, 26-27 (1st Cir. 1991); Feldman, 506 B.R. at 232; Rowland v. Walls (In re Walls), 375 B.R. 399, 407 n.11 (Bankr. S.D. Ohio 2007); Saunders 360 B.R. at 22; Gattalaro v. Pulver (In re Pulver), 327 B.R. 125, 137 (Bankr. W.D.N.Y. 2005); Farmer v. Osburn (In re Osburn), 203 B.R. 811, 813 (Bankr. S.D. Ga. 1996); Newman v. Kruszynski (In re Kruszynski), 150 B.R. 209, 211 (Bankr. N.D. Ill. 1993); Guar. Corp. v. Fondren (In re Fondren), 119 B.R. 101, 104 (Bankr. S.D. Miss. 1990); Am. Honda Fin. Corp. v. Tester (In re Tester), 56 B.R. 208, 210 (W.D. Va. 1985); Maine Bonding & Cas. Co. v. Grant (In re Grant), 45 B.R. 262, 264 (Bankr. D. Me. 1984); 3-15 Moore's Federal Practice – Civil § 15.19 ("Courts also allow relation back when the new claim is based on the same facts as the original pleading and only changes the legal theory.').

Newcare Health Corp. v. Midway Health Care Ctr. (In re Newcare Health Corp.), 274 B.R. 307, 311 (Bankr. D. Mass. 2002).

      Despite the Debtor's protestations to the contrary, justice clearly requires the Court to allow ZVI to amend its complaint at this juncture. The fault for any delay to date in the progress of this adversary proceeding lies not with ZVI, but with the Debtor. The Debtor requested, with ZVI's consent, extensions of time both to answer the Original Complaint and to respond to the Motion to Amend. Moreover, ZVI was entitled to amend its complaint as a matter of course when it initially filed its request to amend; leave of this Court was not then required. Were it not for the Debtor's motion to strike ZVI's unnecessary request to amend, precipitating ZVI's withdrawal of its request and subsequent filing of the amendment beyond the "matter of course" deadline, the question of whether the Court should grant leave to do so under Rule 15(a) would not have arisen. No cognizable prejudice to the Debtor would result from allowing an amendment at this juncture – the Court has yet to even conduct the pre-trial conference. ZVI has not been responsible for any undue delay, and therefore there is no cause to require a more exacting burden for amendment of its Original Complaint. Compare, e.g., Giza v. AMCAP Mortgage, Inc. (In re Giza), 441 B.R. 395 (Bankr. D. Mass. 2011) (where plaintiffs had all evidence available to assert those claims from the outset of the case, plaintiffs denied leave to amend complaint nearly 13 months after the complaint was originally filed in order to add multiple claims which would bring dismissed parties back into case). Accordingly, leave to amend will be granted.

III.  CONCLUSION

For all the foregoing reasons, the Motion to Amend will be GRANTED. However, as ZVI has withdrawn one count of the Amended Complaint, see, supra fn.11, and omitted the exhibits from the proposed Amended Complaint attached to its Motion to Amend, see, supra fn. 8, the Court will order ZVI to file within 7 days a further amended complaint eliminating the withdrawn count and including the referenced exhibits. The Debtor will be ordered to file an answer to that further amended complaint within 21 days thereafter. A pretrial conference will then be scheduled. An order in conformity with this memorandum shall issue forthwith.

DATED: May 22, 2014                                By the Court,

_____
Henry J. Boroff
United States Bankruptcy Judge